IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| John Bruder | : | |
| | : | Case No. C-1-01-666 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| Excell Walker | : | PLAINTIFF'S MOTION |
| | : | FOR A NEW TRIAL |
| Defendant | : | |


This matter comes before the Court on Plaintiff John Bruder's Motion for a New Trial.

(Doc. #34.)  After a jury verdict was entered in his case, Bruder moved the Court for a new trial

on the ground that the verdict was against the weight of the evidence.  For the reasons set forth

below, Bruder's motion is **DENIED**.

I.      **FACTUAL BACKGROUND**

After dinner with his parents, Plaintiff John Bruder, a medical doctor from Kentucky,

went to a pub to meet friends.  Bruder parked his car along the side of a street near a stop sign;

another car was parked between the stop sign and Bruder's car.  When Bruder exited the pub, he

saw Defendant Excell Walker, a police officer, preparing a parking citation for Bruder for being

parked too close to the stop sign.  Bruder testified at trial that he explained to Walker that

another car had been parked in front of his car and asked if Walker had measured the distance

between Bruder's car and the stop sign.

What happened immediately thereafter was a source of dispute at trial. Bruder testified that he complied with Walker's instruction to get back in his car but that Walker then ripped Bruder out of the car and threw him to the ground. Walker testified that when Bruder asked if Walker had measured the distance, Walker explained that he had and Bruder started cursing at him. According to Walker, he warned Bruder to stay back and that Bruder was close to being charged with obstruction and disorderly conduct, but Bruder continued to approach Walker with hostility. Walker told Bruder that he was under arrest and attempted to handcuff him. Walker testified that Bruder attempted to flee, that Walker took Bruder to the ground and attempted again to handcuff him, but that Bruder was thrashing around and would not comply with the order to put his hands behind his back. Walker testified that he and Officer Stanton handcuffed Bruder, and Bruder then attempted to use his chin as leverage to get off the ground. Walker denied ever pulling Bruder from the car. Officer Stanton arrived after Bruder was already on the ground, but his testimony about the struggle to handcuff Bruder substantiates that of Officer Walker. Two third-party witnesses, Tarek Daoudi and Brian Hengehold, testified that Walker had, in fact, pulled Bruder from his car. Hengehold testified that Bruder did not resist arrest when Walker attempted to handcuff him and that Stanton did not arrive on the scene until after Bruder was cuffed. Daoudi confirmed that Walker quickly cuffed Bruder and did not need assistance from another officer.

Bruder was taken to the Hamilton County jail and was charged with obstructing official business, disorderly conduct, and resisting arrest. A search of Bruder's person at the jail turned up a small vial of prescription medicine in an unlabelled bottle. Bruder was also charged with prohibited possession of prescription drugs. Bruder was acquitted on all charges in state court.

He then brought this suit alleging deprivation of Constitutional rights under the First, Fourth, and

Fourteenth Amendments, false arrest, malicious prosecution, and intentional infliction of

emotional distress.  The jury was asked to find whether Walker had probable cause to arrest

Bruder or issue a criminal complaint against him for obstructing official business, disorderly

conduct, resisting arrest, and illegal possession of prescription drugs.  The jury was also asked to

find whether Walker had used excessive force in arresting Bruder and whether Bruder's exercise

of his First Amendment rights was a motivating factor in his arrest.  After four days of

testimony, the jury unanimously found that

> 1. The defendant did not have probable cause to arrest the plaintiff or issue a
>
> criminal complaint against him for the crime of Illegal Possession of Prescription
>
> Drugs.
>
> 2. The plaintiff is not entitled to an award of compensatory or punitive damages
>
> 3. The plaintiff has not proven his case on all of the remaining issues submitted to
>
> the jury.

(Doc. #32.)

## II.    ANALYSIS

Federal Rule of Civil Procedure 59(a)(1) provides that "[a] new trial may be granted . . .

in any action in which there has been a trial by jury, for any of the reasons for which new trials

have heretofore been granted in actions at law in the courts of the United States."  The Sixth

Circuit recognizes three grounds for granting a new trial: (1) the verdict is against the weight of

the evidence; (2) the damages are excessive; or (3) the trial was influenced by prejudice or bias

or otherwise unfair to the moving party.  Conte v. Gen. Housewares Corp., 215 F.3d 628, 637

(6th Cir. 2000). Bruder argues that he is entitled to a new trial on the ground that the verdict was against the weight of the evidence.

"In determining whether to grant a new trial when the claim is that the verdict is against the weight of the evidence, a district court must compare and weigh the opposing evidence and it must set aside the verdict if it determines that the verdict is against the clear weight of the evidence." Clay v. Ford Motor, Co., 215 F.3d 663, 672 (6th Cir. 2000). At trial, Walker presented one version of events and Bruder another. Witnesses testified to both versions. Evidence existed to support either version of events. "[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir. 1967) (internal quotations omitted). Jurors heard multiple witnesses' testimony, weighed the facts, assessed the credibility of witnesses, and found that Walker did not have probable cause to arrest the plaintiff or issue a criminal complaint against him for the crime of illegal possession of prescription drugs but that Bruder had not proven that Walker did not have probable cause to arrest him for obstructing official business, disorderly conduct, or resisting arrest. The jury also found that Bruder had not proven that Walker used excessive force in arresting him nor that Bruder's exercise of his First Amendment rights was a motivating factor in his arrest. Finally, the jury determined that Bruder was not entitled to compensatory or punitive damages. "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." Holmes v. City of Massillon, 78 F.3d 1041, 1048 (6th Cir. 1996). Since the result reached by the jurors is reasonable in light of the evidence presented at trial, a new trial is improper.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Bruder's Motion for a New Trial (doc. #34).

IT IS SO ORDERED.

                  ___s/Susan J. Dlott_____
                  Susan J. Dlott
                  United States District Judge