IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Bruder | : | |
| | : | Case No. C-1-01-666 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| Excell Walker | : | PLAINTIFF'S MOTION |
| | : | TO ALTER OR AMEND |
| Defendant | : | JUDGMENT |

This matter comes before the Court on Plaintiff John Bruder's Motion to Alter or Amend Judgment. (Doc. #33.) After a jury verdict finding that Defendant Excell Walker did not have probable cause to arrest or issue a criminal complaint against Bruder for the crime of illegal possession of prescription drugs but that Bruder was entitled to no damages, Bruder moves the Court to alter or amend the judgment on the ground that he is entitled to nominal damages as a matter of law. For the reasons set forth below, Bruder's motion is **DENIED**.

**I.     FACTUAL BACKGROUND**

The facts underlying this order are set out in the Court's previous order denying Bruder's motion for a new trial. The Court notes that neither party requested an instruction on nominal damages. Walker opposes Bruder's motion on the ground that Federal Rule of Civil Procedure 51 prohibits Bruder from raising the issue of nominal damages at this time since he did not object to the Court's failure to give an instruction on nominal damages at the time of trial. Rule

51 provides that a party may assign an instruction or lack thereof as error only if that party made a timely, proper objection to the instruction or request for the absent instruction.  Rule 51 also allows a court to consider a plain error in the instructions that has not been preserved but that affects a party's substantial rights.  See Fed. R. Civ. P. 51.

"[T]he denial of procedural due process should be actionable for nominal damages without proof of actual injury." Carey v. Piphus, 435 U.S. 247, 266 (1978). "The awarding of nominal damages for the absolute right to procedural due process recognizes the importance to organized society that this right be scrupulously observed while remaining true to the principle that substantial damages should be awarded only to compensate actual injury." Farrar v. Hobby, 506 U.S. 103, 112 (1992) (quoting Carey, 435 U.S. at 266) (internal quotations omitted).  While Farrar and Carey discussed only procedural due process, courts have held that Fourth Amendment violations are also actionable for nominal damages.  See Shain v. Ellison, 273 F.3d 56 (2d Cir. 2001) (nominal damages available to remedy Fourth Amendment violation); Slicker v. Jackson, 215 F.3d 1225 (11th Cir. 2000) (same); Briggs v. Marshall, 93 F.3d 355, 360 (7th Cir.1996) (nominal damages available to remedy Fourth Amendment excessive force claim).

Whether a constitutional violation is actionable for nominal damages, however, is a separate question from whether a finding of a constitutional violation must result in nominal damages.  On the latter question, the courts of appeal are divided.  See Campos-Orrego v. Rivera, 175 F.3d 89, 98-99 (1st Cir. 1999) (nominal damages must be requested); Sims v. Mulcahy, 902 F.2d 524, 533-36 (7th Cir. 1990) (nominal damages instructions must comport with Rule 51); Segarra v. McDade, 706 F.2d 1301, 1304 (4th Cir. 1983) (nominal damages not mandatory – erroneous for court to award them where no money damages sought); Risdal v.

Halford, 209 F.3d 1071, 1072-73 (8th Cir. 2000) (nominal damages mandatory in situation where instructions comport with Rule 51); but see Robinson v. Cattaraugus County, 147 F.3d 153 (2d Cir. 1998) (court must award nominal damages for constitutional violation and may do so after verdict); George v. City of Long Beach, 973 F.2d 706, 708 (9th Cir. 1992) (court must award nominal damages); Farrar v. Cain, 756 F.2d 1148, 1152 (5th Cir. 1985) (error for court not to award nominal damages after jury verdict finding that defendants violated plaintiff's civil rights).

The Sixth Circuit has not spoken directly on this issue in a published opinion. In the unpublished Ealy v. City of Dayton, No. 95-3969, 1996 WL 724368, *5 n.2 (6th Cir. Dec. 16, 1996), relying on Franklin v. Aycock, 795 F.2d 1253 (6th Cir. 1985), the Court clearly stated that the Ninth Circuit's holding in George that nominal damages are mandatory in cases of constitutional violations "is not the law of this Circuit." In A'La v. Atwood, No. 93-5181, 1994 WL 88828, *3 (6th Cir. Mar. 17 1994), however, the Court, relying on Franklin, held that "a person whose constitutional rights have been violated under § 1983 is entitled to recover nominal damages of not more than one dollar . . . Because the jury found a violation of Al-Jabbar's Fourth Amendment rights, he is entitled to one dollar in nominal damages." The A'La court remanded to the district court for an award of nominal damages. Al-Jabbar, like Bruder, did not specifically request nominal relief.

Nominal damages serve an important function in "vindicating rights whose deprivation has not caused actual, provable injury." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986). Nominal damages help to do so by allowing constitutional claims to go forward rather than become moot after defendants stop unconstitutional practices because "so

long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case." Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 608-09 (2001). Because Bruder's demand for compensatory and punitive damages and his ability to obtain nominal damages in this case served the above functions whether or not such damages were actually awarded, this Court does not regard the lack of instruction regarding nominal damages as reviewable "plain error in the instructions affecting substantial rights" under Rule 51. Accordingly, the Court finds that it is not required to amend the judgment as a matter of law in order to award Bruder $1.00 in nominal damages and therefore **DENIES** his motion to alter or amend the judgment. (Doc. #33.)

    IT IS SO ORDERED.

                                                  ___s/Susan J. Dlott_____
                                                  Susan J. Dlott
                                                  United States District Judge